UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FirstMerit Bank, N.A.  )
          Plaintiff,  )
          v.  ) Case No. 15-cv-06824
            ) Judge Sharon Johnson Coleman
Mark Ruane, et. al  )
          Defendants.  )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for summary judgment [24]. Plaintiff FirstMerit Bank, N.A., ("FirstMerit") is the successor in interest to the Federal Deposit Insurance Corporation as receiver for George Washington Savings Bank ("GWSB"). Defendants Mark Ruane ("Ruane") and Arturo Chavez's ("Chavez") failed to respond to FirstMerit's motion. For the following reasons, FirstMerit's motion for summary judgment is granted.

**Background**

Ruane and Chavez failed to respond to FirstMerit's Rule 56.1 statement of facts. Therefore, the following facts taken from FirstMerit's Rule 56.1 statement of facts are deemed to be admitted. LR 56.1(b)(3)(C).

On February 6, 2009, Harbor Country Cottages III, LLC ("Harbor"), executed a $2,097,000.00 promissory note ("Harbor Note") in favor of GWSB. Harbor promised to pay the principal and interest in its entirety to GWSB on August 1, 2010. Ruane and Chavez each executed a commercial guaranty in connection with the Harbor Note (respectively, the "Ruane Guaranty" and the "Chavez Guaranty;" collectively, the "Guaranties"). The Guaranties provide that:

> Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction for the Indebtedness of [Harbor] to [GWSB], and the performance and discharge of all [Harbor's] obligations under the [Harbor Note] and Related Documents. This is a guarantee of payment and performance and not of collection, so [GWSB] can enforce this Guaranty against Guarantor even when [GWSB] has not exhausted [GWSB's] remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the indebtedness.[1]

Ruane and Chavez, through the Guaranties, assumed liability for any Harbor default on the Harbor Note.

On February 19, 2010, the Illinois Department of Financial Professional Regulation Division of Banking closed GWSB and named the Federal Deposit Insurance Corporation ("FDIC") the receiver pursuant to 12 U.S.C. § 1821(c)-(d). On May 14, 2010, FirstMerit and the FDIC entered into a purchase and assumption agreement under which FirstMerit took assignment and possession of substantially all of GWSB's assets including the Harbor Note and the Guaranties. FirstMerit has owned the Harbor Note and the Guaranties since then. Harbor defaulted on the Harbor Note in August 2010 and FirstMerit subsequently instituted foreclosure proceedings against the collateral. The proceeds from the foreclosure sale were applied to the Harbor Note balance. Per the Guaranties, Ruane and Chavez became liable for the Harbor Note. As of April 7, 2016, the amount due and owing on the Harbor Note – and the Guaranties – was in excess of $1,800,000.00.[2]

**Legal Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the non-moving

---

[1] Defendant Michael McElree ("McElree") also executed a guaranty (the "McElree Guaranty") in connection with the Harbor Note. The McElree Guaranty contains the same language as the Ruane Guaranty and Chavez Guaranty. This Court entered an order of default and default judgment in favor of FirstMerit and against McElree on February 10, 2016. The Court does not address the McElree Guaranty for this reason.

[2] The Court provides this estimation due to discrepancies in FirstMerit's own papers. For this reason, the Court is ordering FirstMerit to file a report detailing the amount due and owing on the Harbor Note and the Guaranties. *See* the Court's conclusion below.

2

party fails to respond to a motion for summary judgment, the Court accepts as true all material facts contained in the moving party's statement of undisputed material facts. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994). Even if the non-moving party fails to respond to the motion for summary judgment, the Court must still determine that judgment is proper as a matter of governing law. *Id.* at 1112.

**Discussion**

The clear and unambiguous terms of the Guaranties indicate that Ruane and Chavez were to assume responsibility for the obligations under the Harbor Note in the event of a Harbor default. The obligations under the Harbor Note and the Guaranties were originally due to GWSB. After GWSB failed, those obligations became due to the FDIC, and later to FirstMerit.

Harbor defaulted after FirstMerit took assignment and possession of the Harbor Note and the Guaranties. Subsequently, FirstMerit applied the proceeds from a foreclosure sale on a Harbor mortgage to the Harbor Note balance. Since then, FirstMerit has sought to enforce the Guaranties to satisfy the original obligation under the Harbor Note. FirstMerit asserts that Ruane and Chavez have not made or refuse to make payments on the Guaranties. In their respective answers, Ruane and Chavez admit that they have not made any payments on the Guaranties. The amount due and owing on the Harbor Note – and the Guaranties – remains in excess of $1,800,000.00.

FirstMerit has exercised its right to require payment on the Harbor Note and on the Guaranties. There is no dispute that Ruane and Chavez failed to make payments on their obligations as required by the Guaranties. The Court therefore finds that Ruane and Chavez have

breached the Guaranties. There is no dispute as to the evidence or legal conclusions that can be drawn from the facts and evidence as presented by FirstMerit.[3]

**Conclusion**

FirstMerit's motion for summary judgment [24] is granted as to Counts II (breach of guaranty against Mark Ruane) and III (breach of guaranty against Arturo Chavez). FirstMerit is ordered to submit a report detailing the amount due and owing on the Harbor Note and the Guaranties by November 11, 2016, and defendants Ruane and Chavez are to file any objections to the report, and only to the report, by November 18, 2016. No extensions will be permitted. Upon receiving the report and any objections, the Court will either schedule a hearing on the amount due and owing on the Harbor Note and the Guaranties or issue an order indicating the amount owed to FirstMerit as a result of the breaches.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: October 27, 2016

---

[3] In its motion for summary judgment, FirstMerit addresses the affirmative defense that Chavez asserts in his answer. The Court declines to address the defense because Chavez, as a result of his failure to respond to FirstMerit's motion, has provided no factual support for it. *See, e.g. PNC Bank, Nat. Ass'n v. Dubin*, No. 11 C 2126, 2012 WL 28766 at *3 (N.D. Ill. Jan. 5, 2012) (J. Kocoras) (granting summary judgment when defendants failed to respond to a motion for summary judgment and provide any evidentiary support for defenses asserted in their answers).